Filed 4/16/13  P. v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F064606 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F12900886) |
| CEASAR WILLIAM LOPEZ, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Ralph Nunez, Judge.†

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Detjen, J., and Franson, J.

†      Retired Judge of the Fresno Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**STATEMENT OF THE CASE**

Appellant, Ceasar William Lopez, was charged in a felony complaint, on February 8, 2012, with felony second degree commercial burglary (Pen. Code, §§ 459 & 460, subd. (b), count 1)[1] and petty theft with a qualifying prior conviction, a felony (§ 484, subd. (a), count 2). The complaint also alleged three prior prison term enhancements (§ 667.5, subd. (b)). On February 9, 2012, appellant entered into a plea agreement in which he would admit count 1 and a prior prison term enhancement and receive a stipulated sentence of four years in exchange for the dismissal of the other allegations.

Appellant initialed and executed a felony advisement, waiver of rights, and plea form that set forth the terms of the plea agreement, the consequences of the plea, and advisements of appellant's constitutional rights pursuant to *Boykin/Tahl*.[2] Appellant acknowledged and waived his constitutional rights in the plea form. Appellant acknowledged at the hearing that he had gone over his rights with his attorney, he understood his rights, and that he initialed and signed the plea form. Appellant pled guilty to count 1 and admitted a prior prison term enhancement. The parties stipulated that the police reports constituted a factual basis for the plea.

On March 15, 2012, the trial court sentenced appellant to a term of four years. The parties noted that because appellant was in violation of his parole, he was eligible for commitment to state prison. The court imposed a $960 restitution fine and granted appellant 77 days of custody credits. Appellant did not obtain a certificate of probable cause. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

---

[1]     All statutory references are to the Penal Code.

[2]     *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*).

**APPELLATE COURT REVIEW**

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on July 17, 2012, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

**DISPOSITION**

The judgment is affirmed.